UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: CV 23-01454 FMO (RAO)     Date: March 7, 2023
Title: Paul Okwuchukwu Iyeke v. Christal Monique Gardiner et al.

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER TO SHOW CAUSE**

Plaintiff Paul Okwuchukwu Iyeke ("Plaintiff") filed a Complaint on February 27, 2023. Dkt. No. 1. Plaintiff concurrently paid the filing fee. *See id.* The named defendants are Christal Monique Gardiner ("Gardiner"), Mylene Lopez-Schimmeyer ("Lopez Schimmeyer"), John Synder ("Synder"), and The Law Offices of Amy Einstein. *Id.* at 1. Summons were issued for these four defendants. *See* Dkt. Nos. 2-5.

The Court must examine its subject matter jurisdiction and dismiss the action if subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3). Additionally, "[a] trial court may dismiss a claim sua sponte" for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), particularly if it is clear that the claimant cannot possibly win relief. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015). For the reasons set forth below, it appears clear that Plaintiff cannot possibly win relief on his federal claims. Absent a federal claim, the Court lacks subject matter jurisdiction over this action because Plaintiff does not allege facts to support diversity jurisdiction. Plaintiff is ORDERED to show cause by **April 6, 2023** why the Court should not recommend dismissal of this action.

### A. Federal Criminal Statutes

Plaintiff purports to bring claims under 18 U.S.C. §§ 241, 242, 371, 1001, 1341, 2071. Compl. at 1, 3. These are all federal criminal statutes which do not give rise to private causes of action. *See Valero v. Bac Home Loans Servicing, LP*, 667 Fed. App'x 255, 255 (9th Cir. 2016) (finding the district court properly dismissed claims under 18 U.S.C. §§ 241 and 1341 "because there is no private civil right of action provided by those criminal statutes"); *Henry v. Universal Tech. Inst.*, 559 Fed. App'x 648, 650 (9th Cir. 2014) (affirming dismissal of claim under 18 U.S.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 23-01454 FMO (RAO) | Date: | March 7, 2023 |
| Title: | Paul Okwuchukwu Iyeke v. Christal Monique Gardiner et al. | | |

§ 371 because the statute does not provide for a private right of action); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (finding 18 U.S.C. §§ 241 and 242 do not give rise to civil liability); *Liqiang Wei v. Chandler*, No. 18-cv-02578-EMC, 2018 WL 3872871, at *1 (N.D. Cal. Aug. 15, 2018) (noting that the Ninth Circuit in an unpublished order, *Willems v. Apartment Inv. & Mgmt. Co. AIMCO*, 72 F. App'x 700, 701 (9th Cir. 2003), specifically held that 18 U.S.C. § 1001 does not provide a private right of action); *Curry v. GMAC Mortg.*, No. CV 19-08014 MMM (PLAx), 2010 WL 4553503, at *2 (C.D. Cal. Nov. 3, 2010) (collecting cases and finding that 18 U.S.C. § 2071 does not provide a private right of action). Thus, Plaintiff cannot bring claims under these statutes.

**B.     Section 1983 Claims**

Plaintiff also brings claims pursuant to 42 U.S.C. § 1983 ("Section 1983"). Compl. at 3. To state a claim under Section 1983, Plaintiff must plead that a defendant, while acting under color of state law, deprived him of a right created by federal law. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). A Section 1983 claim "may lie against a private party who is a willful participant in joint action with the State or its agents." *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) (citation and internal quotation marks omitted). Conclusory allegations of joint action are insufficient to support a claim that a private party acted under color of law. *Id.*

"The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the government?" *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (citation and internal brackets omitted). There are at least four different tests to determine whether a private party's actions may be challenged under Section 1983 as state action. *Id.* "Under the public function test, when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." *Id.* at 1093 (citation omitted). Under the joint action test, the Court considers whether "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity," such as "when the state knowingly accepts the benefits derived from unconstitutional behavior." *Id.* (citation omitted). Under the compulsion test, the Court considers "whether the coercive influence or significant encouragement of the state effectively converts a private action into a government action." *Id.* at 1094 (citation omitted). And finally, under the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 23-01454 FMO (RAO) | Date: | March 7, 2023 |
| Title: | Paul Okwuchukwu Iyeke v. Christal Monique Gardiner et al. | | |

nexus test, the Court considers "whether there is such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." *Id.* at 1094-95 (citation omitted).

Plaintiff's claims fail because Plaintiff does not allege that the defendants acted under color of state law. Gardiner is Defendant's ex-spouse. *See* Compl. at 3. Lopez-Schimmeyer and Synder are attorneys from The Law Offices of Amy Einstein who represented Gardiner in family law matters between Plaintiff and Gardiner in state court. *See id.* at 7, 8, 27-38. Thus, all named defendants are private actors. Plaintiff does not allege any facts that would make their conduct fairly attributable to the government and it appears that he would be unable to do so. *See Briley v. State of Cal.*, 564 F.2d 849, 855 (9th Cir. 1977) ("[A] privately-retained attorney does not act under color of state law for purposes of actions brought under the Civil Rights Act."); *Plasola v. California*, No. CV 19-5592 JAK (SS), 2019 WL 8013107, at *2 (C.D. Cal. Nov. 8, 2019) ("In the specific context of divorce proceedings, courts have routinely rejected the contention that an ex-spouse's divorce lawyer may be liable as a 'state actor' under § 1983 under any of the exceptional circumstances that may transform a private actor into a public actor." (collecting cases)).

In sum, Plaintiff cannot maintain a Section 1983 claim against the named defendants, all of whom are private actors.[1]

**C.      Review of State Court Orders**

Plaintiff requests that various state court orders and judgments be vacated. *See* Compl. at 14-15, 26-38. The *Rooker-Feldman*[2] doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284-85 (2005). In other words, "*Rooker-Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). *Rooker-Feldman* applies "when the federal plaintiff both asserts as

---

[1] Within the text of the Complaint, Plaintiff refers to the "DCFS and it's [sic] lawyers." Compl. at 6. However, Plaintiff does not name the Department of Children and Family Services or any of its attorneys as defendants.
[2] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 23-01454 FMO (RAO)     Date: March 7, 2023
Title: Paul Okwuchukwu Iyeke v. Christal Monique Gardiner et al.

---

her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment." *Id.* at 1140. The doctrine does not apply where a plaintiff "asserts as a legal wrong an allegedly illegal act or omission by an adverse party." *Id.* When a federal district court refuses to hear a forbidden de facto appeal from a state court judgment, "it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Doe v. Mann*, 415 F.3d 1038, 1032 (9th Cir. 2005) (citing *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003)); *see also Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (explaining that the "inextricably intertwined" language does not determine whether a claim is a de facto appeal but is a second and distinct step in the analysis). "Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined." *Doe & Assoc. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

      Here, based on Plaintiff's allegations, it appears that the underlying state court proceedings have concluded through judgment. Plaintiff expressly requests as relief the vacatur of state court orders and judgments. Thus, Plaintiff's case amounts to a de facto appeal of his state family law matters. Plaintiff cannot avoid application of the *Rooker-Feldman* doctrine by framing his claims as constitutional violations. *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 n.4 (9th Cir. 2003) ("It is immaterial that [the plaintiff] frames his federal complaint as a constitutional challenge to the state courts' decisions, rather than as a direct appeal of those decisions. The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over any claim that is 'inextricably intertwined' with the decision of a state court, even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles."); *Davis v. Booth*, Case No.: 19-cv-01538-AJB-MSB, 2019 WL 5295060, at *2 n.2 (S.D. Cal. Oct. 18, 2019) (finding constitutional challenges to child support order were inextricably intertwined with the state court's ruling because they would necessarily require review of the state court's decision to order child support payments).

      Plaintiff is **ORDERED TO SHOW CAUSE** why the Magistrate Judge should not recommend that his complaint be dismissed for the reasons stated above. Plaintiff shall file his response no later than **April 7, 2023**. While it does not appear that Plaintiff can amend to cure the deficiencies set forth above as to the named defendants, Plaintiff may amend his pleading once as a matter of course under Federal Rule of Civil Procedure 15(a)(1) as none of the defendants have filed a responsive pleading or a motion under Rule 12(b), (e), or (f).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 23-01454 FMO (RAO) | Date: | March 7, 2023 |
| Title: | Paul Okwuchukwu Iyeke v. Christal Monique Gardiner et al. | | |

**If Plaintiff fails to file a timely response to this Order as directed above, the action will additionally be subject to dismissal without prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**

Initials of Preparer : dl